Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Just Play, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUST PLAY, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>A ROMANTIC JEWELLERY STORE, BABY TOY'S WORLD, BUBABOX STORE, BUDROVKY STORE, CHENGKE TOY FUNNY STORE, CHSXY OFFICIAL STORE, GALSS ART STORE, HANDMADE JEWELS STORE, HENGYI STORE, HONGZHIDA PACKAGING (SHENZHEN) CO., LTD., HZSHINELING STORE, KAIA STORE, MISSS YOU STORE, MUMU HANDMADE STORE, MUYOO STORE, NANJING C.PATRICK TRADING CO., LTD., NINGBO CENTURY GRAND IMP. & EXP. CO., LTD., NINGBO GYL INTERNATIONAL TRADE CO., LTD., NINGBO HAISHU WENYUE PACKAGE PRODUCT CO., LTD., NINGBO JIE JIE STATIONERY MANUFACTURING CO., LTD., NINGBO JOYRELAX PLASTIC CO., LTD., NINGBO SHINEGIFTS IMPORT & EXPORT CO., LTD., NINGBO SW CO., LTD., NOWHERE STORE, RECORDING MEMORIES STORE, SHOP5796113 STORE, SHOP5799841 STORE, SHOP910342028 STORE, SIAN STORE, SONGDA OFFICIAL STORE, SUDDENLY HEARTBEAT STORE, TAFREE OFFICIAL STORE, YIWU FEMTINDO E-COMMERCE CO., LTD., YIWU GIFTS & CRAFTS CUSTOMIZED STORE AND ZHEJIANG KARRY | **Civil Case No.:  21-cv-1504**<br><br>**1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY**<br><br>**FILED UNDER SEAL** |

PAINTING       MATERIALS       CO.,       LTD.,

*Defendants*

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Just Play** | Just Play, LLC |
| **Defendants** | A Romantic Jewellery Store, Baby Toy's World, BUBABOX Store, BUDROVKY Store, Chengke Toy Funny Store, CHSXY Official Store, Galss Art Store, Handmade jewels Store, HENGYI Store, Hongzhida Packaging (Shenzhen) Co., Ltd., HZSHINELING Store, KAIA Store, Misss You Store, MUMU handmade Store, Muyoo Store, Nanjing C.Patrick Trading Co., Ltd., Ningbo Century Grand Imp. & Exp. Co., Ltd., Ningbo GYL International Trade Co., Ltd., Ningbo Haishu Wenyue Package Product Co., Ltd., Ningbo Jie Jie Stationery Manufacturing Co., Ltd., Ningbo Joyrelax Plastic Co., Ltd., Ningbo Shinegifts Import & Export Co., Ltd., Ningbo SW Co., Ltd., Nowhere Store, Recording memories Store, Shop5796113 Store, Shop5799841 Store, Shop910342028 Store, SIAN Store, SONGDA Official Store, Suddenly Heartbeat Store, TAFREE Official Store, Yiwu Femtindo E-Commerce Co., Ltd., Yiwu Gifts & Crafts customized Store and Zhejiang Karry Painting Materials Co., Ltd. |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint filed on February 17, 2021 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order |

| | |
|---|---|
| | authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on February 17, 2021 |
| **Geller Dec.** | Declaration of Larry Geller in Support of Plaintiff's Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application |
| **Just Play Products** | Toy and activity set consisting of special plastic sheets that when heated in an oven, shrink to small hard pieces without altering their color or shape |
| **Shrinky Dinks Mark** | U.S. Trademark Registration No.: 1,042,382 for "SHRINKY DINKS" for goods in Class 28 |
| **Counterfeit Products** | Products bearing or used in connection with the Shrinky Dinks Mark, and/or products in packaging and/or containing labels bearing the Shrinky Dinks Mark, and/or bearing or used in connection with marks that are confusingly similar to the Shrinky Dinks Mark and/or products that are identical or confusingly similar to the Shrinky Dinks Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), |

|  | PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| --- | --- |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba, AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1] A complete list of Defendants is attached hereto as **Schedule A**, which also includes links to Defendants' Merchant Storefronts and Infringing Listings.  Having reviewed the Application, Declarations of Larry Geller and Jason M. Drangel, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

<u>**FACTUAL FINDINGS & CONCLUSIONS OF LAW**</u>

1.      Just Play is a leader in children's consumer goods that manufactures and distributes toys for children of all ages under their own popular brands as well as in partnership with prominent children's entertainment brands including Disney Consumer Products, Marvel Entertainment, Twentieth Century Fox and Nickelodeon.

2.      One of Just Play's popular children's products is the Shrinky Dinks toy and activity set, consisting of special plastic sheets that when heated in an oven, shrink to small hard pieces without altering their color or shape.  Once heated, the Shrinky Dinks can then be used in a variety of projects such as useful and meaningful keepsakes, jewelry, ID tags, pins and the like.

3.      Shrinky Dinks are sold by major U.S. retailers, such as Walmart, Michael's and Amazon.

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

4.      Shrinky Dinks typically retail for between $5.99 - $13.99.

5.      While Just Play has gained significant common law trademark and other rights in its Shrinky Dinks Mark and Shrinky Dinks Products through use, advertising and promotion, Just Play also protected its valuable rights by filing for and obtaining a federal trademark registration.

6.      For example, Just Play owns the following U.S. Trademark Registration No.: 1,042,382 for "SHRINKY DINKS" for goods in Class 28.

7.      Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale or Counterfeit Product through Defendants' User Accounts and Merchant Storefronts with Alibaba and/or AliExpress (*see* **Schedule A** for links to Defendants' Merchant Storefronts and Infringing Listings);

8.      Alibaba and AliExpress are online marketplaces and e-commerce platforms, which allow manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York.

9.      Defendants are not, nor have they ever been, authorized distributors or licensees of the Shrinky Dinks Products.  Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Shrinky Dinks Mark, nor has Plaintiff consented to Defendants' use of marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Shrinky Dinks Mark;

10.     Plaintiff is likely to prevail on its Lanham Act and related common law claims at trial;

11.     As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

2

a. Defendants have offered for sale and sold substandard Counterfeit Products that infringe the Shrinky Dinks Mark;

b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for its Shrinky Dinks Products; and

c. Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Shrinky Dinks Mark, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the Shrinky Dinks Mark, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the Shrinky Dinks Mark and records relating thereto that are in their possession or under their control and/or (iv) open new User Accounts and Merchant Storefront under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence;

12. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in

and associated with the Shrinky Dinks Mark and to its reputations if a temporary restraining order is not issued;

13.     Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Shrinky Dinks Mark, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Shrinky Dinks Products;

14.     Plaintiff has not publicized its request for a temporary restraining order in any way;

15.     Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

16.     If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Shrinky Dinks Mark.  Therefore, good cause exists for granting Plaintiff's request for an asset restraining order.  It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts.  As such, the Court allows enough time for Plaintiff to serve the Financial Institutions and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

17.     Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.   Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this Order, and for such further period as may be provided by order of this Court:

1)   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Shrinky Dinks Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Shrinky Dinks Mark;

2)   directly or indirectly infringing in any manner Plaintiff's Shrinky Dinks Mark;

3)   using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Shrinky Dinks Mark to identify any goods or service not authorized by Plaintiff;

4)   using Plaintiff's Shrinky Dinks Mark and/or any other marks that are confusingly similar to the Shrinky Dinks Mark on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

5)   using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin,

sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

6) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

7) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

8) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7) above and I(B)(1) through I(B)(2) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

6

2) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

3) knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(A)(I) through I(A)(7) and I(B)(1) through I(B)(2) above and I(C)(1) below.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1) within five (5) days after receipt of service of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

2) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7), I(B)(1) through I(B)(2) and I(C)(1) above.

## II.    Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court on the following teleconference line: USA Toll-Free: (888) 363-4735; USA Caller Paid/Int'l Toll: (215) 446-3657; access code: 1086415

on ___Thursday, March 4_____, 2021 at ___5:00___ p .m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

7

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 2520, New York, NY 10165, Attn: Jason M. Drangel on or before __March 1_____, 2021. Plaintiff shall file any Reply papers on or before __March 3_____, 2021.

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

### III.   Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV.   Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

1)   delivery of: (i) PDF copies of this Order together with the Summons and Complaint, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be

8

able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to **Paragraph V(C)**; or

2)      delivery of a message to Defendants through the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order.

B.   IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C.   IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D.   IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons directed to all Defendants as listed in an attachment to the summons that will apply to all Defendants.

E.   IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1)      delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal

Specialist at EEOMALegalSpecialist@paypal.com;

2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Chloe He, Alibaba Group at chloe.he@alibaba-inc.com;

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

5) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

## V.   Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

    a.   their true name and physical address;

    b.   the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

      c. the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

      d. the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

      e. the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

11

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

    1)    Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

        a.  account numbers;

        b.  current account balances;

        c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

        d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

        e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation,

including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

a.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b.  the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with

any and all Financial Institutions associated with Defendants' User Accounts and
Defendants' Merchant Storefronts; and

d. Defendants' manufacturing, importing, exporting, advertising, marketing,
promoting, distributing, displaying, offering for sale and/or selling of Counterfeit
Products, or any other products bearing the Shrinky Dinks Mark and/or marks that
are confusingly similar to, identical to and constitute an infringement of the Shrinky
Dinks Mark.

## VI.   **Security Bond**

A. IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of Twenty-Five Thousand
Dollars ( $25,000 ) with the Court which amount is determined adequate for the payment
of any damages any person may be entitled to recover as a result of an improper or wrongful
restraint ordered hereunder.

## VII.   **Sealing Order**

A. IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and
Plaintiff's *ex parte* Application and the Declarations Larry Geller and Jason M. Drangel in
support thereof and exhibits attached thereto and this Order shall remain sealed until the
Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C),
III(A) and V(C)** of this Order.

**SO ORDERED.**

SIGNED this 19    day of    February    , 2021, at 5:00    p..m.

_____
UNITED STATES DISTRICT JUDGE

14

# SCHEDULE A

| No. | Defendant | Infringing Listing | Merchant Storefront |
|---|---|---|---|
| 1 | A Romantic Jewellery Store | https://www.aliexpress.com/item/1005001818247180 | https://www.aliexpress.com/store/3415018 |
| 2 | Baby Toy's World | https://www.aliexpress.com/item/1005001833561279 | https://www.aliexpress.com/store/1809164 |
| 3 | BUBA8OX Store | https://www.aliexpress.com/item/1005001804074814 | https://www.aliexpress.com/store/3281016 |
| 4 | BUDROYKY Store | https://www.aliexpress.com/item/4001321385857 | https://www.aliexpress.com/store/910323043 |
| 5 | Chengke Toy Funny Store | https://www.aliexpress.com/item/4000902500003 | https://www.aliexpress.com/store/4242048 |
| 6 | CHSXY Official Store | https://www.aliexpress.com/item/1005001489194189 | https://www.aliexpress.com/store/5128020 |
| 7 | Galss Art Store | https://www.aliexpress.com/item/1005001349580774 | https://www.aliexpress.com/store/2807132 |
| 8 | Handmade jewels Store | https://www.aliexpress.com/item/4000415715406 | https://www.aliexpress.com/store/531951 |
| 9 | HENGYI Store | https://www.aliexpress.com/item/1005001483802383 | https://www.aliexpress.com/store/5189059 |
| 10 | Hongzhida Packaging (Shenzhen) Co., Ltd | https://www.alibaba.com/product-detail/shrinky-dinks-inkjet_60743701493 | https://hongzhida.en.alibaba.com/ |
| 11 | HZSHINELING Store | https://www.aliexpress.com/item/4000789880923 | https://www.aliexpress.com/store/1182618 |
| 12 | KAIA Store | https://www.aliexpress.com/item/1005001807576003 | https://www.aliexpress.com/store/5788822 |
| 13 | Misss You Store | https://www.aliexpress.com/item/1005001793493453 | https://www.aliexpress.com/store/911056003 |
| 14 | MUMU handmade Store | https://www.aliexpress.com/item/4000937596290 | https://www.aliexpress.com/store/5779214 |
| 15 | Muyoo Store | https://www.aliexpress.com/item/4000052669176 | https://www.aliexpress.com/store/2846052 |
| 16 | Nanjing C Patrick Trading Co., Ltd. | https://www.alibaba.com/product-detail/New-funny-diy-shrinky-dinks-The_60725220020 | https://cpatrick.en.alibaba.com/ |
| 17 | Ningbo Century Grand Imp. & Exp. Co., Ltd. | https://www.alibaba.com/product-detail/DIY-shrink-dinks-kit-Make-Your_60790195864 | https://smarter-craft.en.alibaba.com/ |
| 18 | Ningbo GYL International Trade Co., Ltd. | https://www.alibaba.com/product-detail/shrinky-dinks-shrinkable-film-shrink-art_1600052887219 | https://gylglobal.en.alibaba.com/ |
| 19 | Ningbo Haishu Wenyue Package Product Co., Ltd | https://www.alibaba.com/product-detail/Heat-Shrinky-Dinks-Plastic-Pack-include_1600106484588 | https://cdmtoy.en.alibaba.com/ |
| 20 | Ningbo Jie Jie Stationery Manufacturing Co., Ltd. | https://www.alibaba.com/product-detail/Funny-DIY-Plastic-Shrinky-Dinks-Shrink_1600114673990 | https://jhj-stationery.en.alibaba.com/ |
| 21 | Ningbo Joyrelax Plastic Co., Ltd. | https://www.alibaba.com/product-detail/Shrinky-Dinks-Shrink-sheet-creative-pack_60698000504 | https://nbjoyrelax.en.alibaba.com/ |
| 22 | Ningbo Shinegifts Import & Export Co., Ltd. | https://www.alibaba.com/product-detail/2019-Christmas-gifts-shrinky-dinks-sheets_62384105261 | https://shinegifts.en.alibaba.com/ |
| 23 | Ningbo SW Co., Ltd. | https://www.alibaba.com/product-detail/DIY-Shrinky-Dincs-Shrink-Plastic-Sheets_62477815914 | https://swdiy.en.alibaba.com/ |
| 24 | Nowhere Store | https://www.aliexpress.com/item/1005001793565401 | https://www.aliexpress.com/store/130456 |
| 25 | Recording memories Store | https://www.aliexpress.com/item/1005001758560177 | https://www.aliexpress.com/store/5246168 |
| 26 | Shops5796113 Store | https://www.aliexpress.com/item/1005001793183541 | https://www.aliexpress.com/store/5796113 |
| 27 | Shops5799841 Store | https://www.aliexpress.com/item/4001114659522 | https://www.aliexpress.com/store/5799841 |
| 28 | Shop910342028 Store | https://www.aliexpress.com/item/1005001785842115 | https://www.aliexpress.com/store/910342028 |
| 29 | SJAN Store | https://www.aliexpress.com/item/1005001488196029 | https://www.aliexpress.com/store/5983023 |
| 30 | SONGDA Official Store | https://www.aliexpress.com/item/1005001557329023 | https://www.aliexpress.com/store/2949185 |
| 31 | Suddenly Heartbeat Store | https://www.aliexpress.com/item/1005001798790373 | https://www.aliexpress.com/store/7376013 |
| 32 | TAFREE Official Store | https://www.aliexpress.com/item/1005001714140090 | https://www.aliexpress.com/store/940780 |
| 33 | Yiwu Feminido E-Commerce Co., Ltd | https://www.alibaba.com/product-detail/23MM-flatback-surface-printing-Marie-cat_60665476810 | https://feminido.en.alibaba.com/ |
| 34 | Yiwu Gifts & Crafts customized Store | https://www.aliexpress.com/item/4000984568193 | https://www.aliexpress.com/store/5425020 |
| 35 | Zhejiang Karry Painting Materials Co., Ltd. | https://www.alibaba.com/product-detail/Halloween-Shinky-Sheets-6PK-Plastic-Kids_60673070788 | https://karry.en.alibaba.com/ |