Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Just Play, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUST PLAY, LLC, <br><br> *Plaintiff* <br><br> v. <br><br> A ROMANTIC JEWELLERY STORE, BABY TOY'S WORLD, BUBABOX STORE, BUDROVKY STORE, CHENGKE TOY FUNNY STORE, CHSXY OFFICIAL STORE, GALSS ART STORE, HANDMADE JEWELS STORE, HENGYI STORE, HONGZHIDA PACKAGING (SHENZHEN) CO., LTD., HZSHINELING STORE, KAIA STORE, MISSS YOU STORE, MUMU HANDMADE STORE, MUYOO STORE, NANJING C.PATRICK TRADING CO., LTD., NINGBO CENTURY GRAND IMP. & EXP. CO., LTD., NINGBO GYL INTERNATIONAL TRADE CO., LTD., NINGBO HAISHU WENYUE PACKAGE PRODUCT CO., LTD., NINGBO JIE JIE STATIONERY MANUFACTURING CO., LTD., NINGBO JOYRELAX PLASTIC CO., LTD., NINGBO SHINEGIFTS IMPORT & EXPORT CO., LTD., NINGBO SW CO., LTD., NOWHERE STORE, RECORDING MEMORIES STORE, SHOP5796113 STORE, SHOP5799841 STORE, SHOP910342028 STORE, SIAN STORE, SONGDA OFFICIAL STORE, SUDDENLY HEARTBEAT STORE, TAFREE | **CIVIL CASE No. 21-cv-1504 (JHR)** <br><br> **[PROPOSED] FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

OFFICIAL STORE, YIWU FEMTINDO E-COMMERCE CO., LTD., YIWU GIFTS & CRAFTS CUSTOMIZED STORE AND ZHEJIANG KARRY PAINTING MATERIALS CO., LTD.,

*Defendants*

**GLOSSARY**

| Term | Definition | Docket Entry No. |
|---|---|---|
| **Plaintiff or Just Play** | Just Play, LLC | N/A |
| **Defendants** | A Romantic Jewellery Store, Baby Toy's World, BUBABOX Store, BUDROVKY Store, Chengke Toy Funny Store, CHSXY Official Store, Galss Art Store, Handmade jewels Store, HENGYI Store, Hongzhida Packaging (Shenzhen) Co., Ltd., HZSHINELING Store, KAIA Store, Misss You Store, MUMU handmade Store, Muyoo Store, Nanjing C.Patrick Trading Co., Ltd., Ningbo Century Grand Imp. & Exp. Co., Ltd., Ningbo GYL International Trade Co., Ltd., Ningbo Haishu Wenyue Package Product Co., Ltd., Ningbo Jie Jie Stationery Manufacturing Co., Ltd., Ningbo Joyrelax Plastic Co., Ltd., Ningbo Shinegifts Import & Export Co., Ltd., Ningbo SW Co., Ltd., Nowhere Store, Recording memories Store, Shop5796113 Store, Shop5799841 Store, Shop910342028 Store, SIAN Store, SONGDA Official Store, Suddenly Heartbeat Store, TAFREE Official Store, Yiwu Femtindo E-Commerce Co., Ltd., Yiwu Gifts & Crafts customized Store and Zhejiang Karry Painting Materials Co., Ltd. | N/A |
| **Defaulting Defendants** | A Romantic Jewellery Store, BUBABOX Store, Hongzhida Packaging (Shenzhen) Co., Ltd., KAIA Store, Misss You Store, Ningbo Haishu Wenyue Package Product Co., Ltd., Ningbo Joyrelax Plastic Co., Ltd., Shop5796113 Store, Shop910342028 Store, Suddenly Heartbeat Store and Yiwu Gifts & Crafts customized Store | N/A |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on Feburary 17, 2021 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on February 19, 2021 | Dkt. 6 |

| Epstein Drangel | Epstein Drangel LLP, counsel for Plaintiff | N/A |
|---|---|---|
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 | N/A |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on February 19, 2021 | Dkts. 10-12 |
| **Geller Dec.** | Declaration of Larry Geller in Support of Plaintiff's Application | ~~N/A~~ ECF No. 12 |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application | Dkt. 11 |
| **Shrinky Dinks Products** | Toy and activity set consisting of special plastic sheets that when heated in an oven, shrink to small hard pieces without altering their color or shape | N/A |
| **Shrinky Dinks Mark** | U.S. Trademark Registration No.: 1,042,382 for "SHRINKY DINKS" for goods in Class 28 | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Shrinky Dinks Mark, and/or products in packaging and/or containing labels bearing the Shrinky Dinks Mark, and/or bearing or used in connection with marks that are confusingly similar to the Shrinky Dinks Mark and/or products that are identical or confusingly similar to the Shrinky Dinks Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |

| | | |
|---|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba, AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Should Not be Entered Against Defaulting Defendants filed on February 16, 2024 | ~~TBD~~ ECF No. 40 |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | ~~TBD~~ ECF No. 41 |

iii

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Shrinky Dinks Mark, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.   Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff for the First and Second Causes of Action pleaded and Fourth Causes of Action are against Defaulting Defendants in the Complaint; the Third Cause ~~of Action is~~ dismissed without prejudice;

## II.   Damages Awards

1) ~~IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Memorandum of Law in Support of its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand Dollars ($50,000.000) in statutory damages against the following eleven (11) Defaulting Defendants:~~

1

~~A Romantic Jewellery Store, BUBABOX Store, Hongzhida Packaging (Shenzhen) Co., Ltd., KAIA Store, Misss You Store, Ningbo Haishu Wenyue Package Product Co., Ltd., Ningbo Joyrelax Plastic Co., Ltd., Shop5796113 Store, Shop910342028 Store, Suddenly Heartbeat Store and Yiwu Gifts & Crafts customized Store pursuant to 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.~~ Damages will be determined at an inquest by the designated Magistrate Judge.  A referral will issue by separate Order.

### III.   Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in concert with or under the direction of Defaulting Defendants who receive actual notice of this Order are permanently enjoined and restrained from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs F and G below, which shall apply worldwide):

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Shrinky Dinks Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Shrinky Dinks Mark;

   B. directly or indirectly infringing in any manner Plaintiff's Shrinky Dinks Mark;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Shrinky Dinks Mark to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Shrinky Dinks Mark and/or any other marks that are confusingly similar to the Shrinky Dinks Mark on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

F.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

G.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's Shrinky

Dinks Mark or bear any marks that are confusingly similar to the Shrinky Dinks Mark pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

    A. Secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts;

    B. ~~secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Assets and Defaulting Defendants' Financial Accounts;~~ and

    C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through ~~III(3)(B)~~ III(3)(A) above.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this order are permanently enjoined and restrained from:

    A. providing services to Defaulting Defendants, Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts;

B.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to ~~the Defaulting Defendants' User Accounts, Merchant Storefronts, Defaulting Defendants' Assets and~~ the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

C.  knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) ~~through III(3)(B)~~ and III(4)(A) through III(4)(B)  above.

## IV.   <u>Dissolution of Rule 62(a) Stay</u>

1)  IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V.   <u>Miscellaneous Relief</u>

1)  Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2)  The Court releases the Twenty-Five Thousand U.S. Dollar ($25,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3)  This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**       The Clerk of Court is directed to terminate ECF No. 40.

SIGNED this _16th_ day of ___May_____, 2024, at _3:07___ _p_.m.

HON. JENNIFER H. REARDEN
UNITED STATES DISTRICT JUDGE