UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUST PLAY, LLC,<br><br>                              Plaintiff,<br><br>   -v-<br><br>A ROMANTIC JEWELLERY STORE, et al.,<br><br>                              Defendants. | 21 Civ. 01504 (JHR) (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On June 10, 2024, in compliance with my May 17, 2024 Order (ECF 52), Plaintiff submitted its Proposed Findings of Fact and Conclusions of Law ("Proposed Findings") (ECF 57) along with the supporting Declaration of Danielle S. Futterman (ECF 58). On October 18, 2024, I issued an Order directing Plaintiff to provide a supplemental submission because "Plaintiff has not yet sufficiently shown that each Defaulting Defendant engaged in the requisite transactions in New York for this Court to have personal jurisdiction over each Defaulting Defendant." (ECF 60.) On October 28, 2024, Plaintiff filed a letter requesting an extension until December 1, 2024 to file the supplemental submission and that I issue an order directing Third Party Service Providers Alibaba and AliExpress ("Third Party Service Providers") to produce certain information as set forth in the expedited discovery order previously issued by this Court. (ECF 61.)

Accordingly, Plaintiff's request is GRANTED. It is ORDERED that by November 1, 2024 Plaintiff shall serve the Third Party Service Providers with a copy of its October 28, 2024 letter request (ECF 61) and this Order. Plaintiff shall file proof of service on the docket no later than November 1, 2024.

Within 21 days of receipt of service of this Order Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

1. A full accounting of Defaulting Defendants' sales history of Counterfeit Products to consumers located in New York under such accounts associated with Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts; and

2. Defaulting Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Shrinky Dinks Mark and/or marks that are confusingly similar to, identical to and constitute an infringement of the Shrinky Dinks Mark. (*See* ECF 15.)

If Third Party Service Providers oppose Plaintiff's request, they shall file a letter no later than November 7, 2024 stating their position and supporting authority for not producing the requested information. The Clerk of Court is respectfully directed to terminate ECF 61.

DATED:  October 29, 2024
         New York, New York

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge