UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUST PLAY, LLC., <br><br>                               Plaintiff, <br><br> -v.- <br><br> A ROMANTIC JEWELLERY STORE, et al., <br><br>                              Defendants. | 21 Civ. 01504 (JHR) (RFT) <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

      Plaintiff Just Play, LLC brings this action against Defendants for trademark counterfeiting, trademark infringement, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and unfair competition under New York common law, arising from alleged infringement of the Shrinky Dinks Mark. ECF No. 1 (Compl.). Before the Court is the Report and Recommendation of Magistrate Judge Robyn F. Tarnofsky recommending that the Court enter judgment for Plaintiff in the amount of $150,000 and post-judgment interest pursuant to 28 U.S.C. §1961. ECF No. 70 (R&R) at 2. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Tarnofsky's recommendation.

## BACKGROUND[1]

      On February 19, 2021, Plaintiff brought this action against thirty-five defendants, all of whom "are merchants on the Alibaba and/or AliExpress online marketplace platforms" and "sell counterfeit copies of [Plaintiff's product.]" *See* Compl. ¶ 6. That same day, Plaintiff moved *ex*

---

[1] The Court incorporates by reference the summary of facts provided in the Report and Recommendation.

*parte* for a temporary restraining order, ECF No. 10, which was granted by the Honorable Jed S. Rakoff, the judge originally assigned to this case, ECF No. 15 (TRO).

Pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), on March 9, 2021, Plaintiff served Defendants with the Summons, the Complaint, the proposed TRO and order to show cause why a preliminary injunction should not issue, and all papers filed in support thereof. ECF No. 17.  On March 18, 2021, Judge Rakoff held a hearing and granted Plaintiff's requested preliminary injunction.  ECF No. 23 (Preliminary Injunction Order).  The Preliminary Injunction Order also authorized alternative service by electronic means.  *Id.*  Thereafter Plaintiff voluntarily dismissed thirty-two Defendants.  *See* ECF Nos. 24-26, 28, 29, 34, 64-67.  Plaintiff then proceeded against three Defendants: Hongzhida Packaging (Shenzhen) Co., Ltd., Ningbo Haishu Wenyue Package Product Co., Ltd., and Ningbo Joyrelax Plastic Co., Ltd. (collectively, the "Defaulting Defendants").  *See* ECF No. 68 (Br.) at 5.

On December 14, 2023, following reassignment from Judge Rakoff to this Court, the Court ordered a timetable for briefing a motion for default judgment and scheduled a show cause hearing.  ECF No. 35.  On December 18, 2023, Plaintiff filed a certificate of service, notifying the Defaulting Defendants of the hearing by the means of alternative service authorized in the Preliminary Injunction Order.  ECF No. 36. Clerk's Certificates of Default were entered on February 14, 2024.  ECF Nos. 37, 39.  On February 16, 2024, Plaintiff moved for a default judgment, supported by a memorandum of law and an affidavit, as well as a proposed default judgment, certificates of service, and other exhibits.  ECF Nos. 40-44.  The Court held a show cause hearing on Plaintiff's motion for a default judgment on May 16, 2024, at which the Defaulting Defendants did not appear.  *See* ECF No. 53.  On May 16, 2024, the Court entered a

Final Default Judgment and Permanent Injunction Order against the Defaulting Defendants, ECF No. 50.[2]  The Court then referred the case to Judge Tarnofsky for an inquest.  ECF No. 51.

On February 10, 2025, Judge Tarnofsky issued a 29-page Report and Recommendation recommending "that a judgment of default in the amount of $50,000 should be awarded in favor of Plaintiff against each of the three Defaulting Defendants, for a total of $150,000," as well as post-judgment interest in accordance with 28 U.S.C. § 1961(a).  *See* R&R at 28.  The Report and Recommendation notified the parties that they had "fourteen days (including weekends and holidays) from service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure."  R&R at 29.  The Report and Recommendation also cautioned that "FAILURE TO OBJECT WITHIN FOURTEEN DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**.**"  *Id.* at 30. (emphasis in original).  No objections have been filed, nor has any request to extend the time to object been made.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025).  With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists.  *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363

---

[2] Judgment was "granted in favor of Plaintiff for the First and Second Causes of Action pleaded against [the] Defaulting Defendants in the Complaint," for trademark counterfeiting and trademark infringement."  ECF No. 50 at 6.  "The Third and Fourth Causes of Action [we]re dismissed without prejudice."  *Id.*

(ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that a failure to file objections would "result in a waiver of those objections for purposes of appeal," R&R at 29, the Defaulting Defendants did not file any objections to the Report and Recommendation. Thus, the Defaulting Defendants waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g., Fredricks*, 2025 WL 1018870, at *1.

## CONCLUSION

Accordingly, the Report and Recommendation is adopted in its entirety. Plaintiff is awarded judgments in the amount of $50,000 against Hongzhida Packaging (shenzen) Co., Ltd; $50,000 against Ningbo Haishu Wenyue Package Product Co., Ltd.; and $50,000 against Ningbo Joyrelax Plastic Co., Ltd., plus post-judgment interest pursuant to 28 U.S.C. §1961(a). By **September 22, 2025**, Plaintiff shall serve this Order upon each Defaulting Defendant and file an affidavit attesting to such service.

Upon the entry of judgment, the Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: September 15, 2025
       New York, New York

                                              JENNIFER H. REARDEN
                                              United States District Judge